UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY J. CONNER,
TIMOTHY PARDEE,
PHILIP WAYNE BERRYMAN #107202,

                        Plaintiffs,                Case No. 1:13-cv-963

v.                                          Honorable Janet T. Neff

DANIEL HEYNS et al.,

                        Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

       Plaintiff Philip Wayne Berryman and two other prisoners incarcerated at Saginaw

Correctional Facility have filed a complaint pursuant to 42 U.S.C. § 1983.  Plaintiff Berryman has

not paid the civil action filing fee or applied to proceed *in forma pauperis*.  Instead, he asks the

Court to order the Michigan Department of Corrections to pay his portion of the fee (docket #4).

Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for

failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

The current filing fee for a civil action is $400.00, unless leave to proceed *in forma pauperis* is

granted.  Because there are multiple plaintiffs, each plaintiff is proportionately liable for any fees

or costs.  *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litigation Reform

Act*, 105 F.3d 1131, 1137 (6th Cir. 1997).  Thus, Plaintiff Berryman is liable for $133.33.  The Court

will order Plaintiff Berryman to pay his $133.33 portion of the civil action filing fee within twenty-

eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of his $133.33 portion of the filing fee, in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

> the grounds that it is frivolous, malicious, or fails to state a claim
> upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and

unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of

serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder  and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera

v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir.

1997).

Plaintiff Berryman has been an extremely active litigant in the federal courts in

Michigan, having filed nearly 40 civil actions.  In at least three of Plaintiff's lawsuits, a court has

entered a dismissal on the ground that the case was frivolous or failed to state a claim.  *See

Berryman et al. v. Gabry et al.*, No. 2:95-cv-71811 (E.D. Mich. Mar. 27, 1996); *Berryman v.

Berardo*, No. 2:91-cv-71329 (E.D. Mich Apr. 30, 1991); *Berryman v. Jabe et al.*, No. 2:89-cv-72658

(E.D. Mich. Oct. 20, 1989).  Although two of the dismissals were entered before enactment of the

PLRA on April 26, 1996, the dismissals nevertheless count as strikes.  *See Wilson*, 148 F.3d at 604.

In addition, this Court previously has denied Plaintiff leave to proceed *in forma pauperis* because

he has three strikes.  *See Berryman v. Blackman et al.*, No. 1:97-cv-692 (W.D. Mich. Nov. 7, 1997);

*Crawford et al. v. Prison Health Services et al.*, No. 1:12-cv-409 (W.D. Mich. June 21, 2012).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because

he does not allege any facts establishing that he is under imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff Berryman from proceeding *in forma pauperis* in this action. Moreover, the Court has no authority to require the Michigan Department of Corrections to pay the filing fee on Plaintiff's behalf. Consequently, Plaintiff's motion will be denied and the Court will require him to pay the $133.33 filing fee within 28 days. When Plaintiff pays his filing fee, the Court will screen the complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $133.33 filing fee.

An order will be entered that is consistent with this Opinion.

Dated:  October 4, 2013           /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**